WILLIAM SHEEHAN *vs.* AMARIAH A. TAFT & others.

A. sold goods to B., who mortgaged them to C., to secure him against liability on a promissory note signed by B. as principal and C. and D. as sureties. E. bought the note before maturity, but knowing of the mortgage and of the fact that C. and D. were sureties; and afterwards, in a suit against A., attached and levied upon the goods as property of A. sold by him in fraud of his creditors. *Held*, that he did not thereby discharge his claim against C. and D. upon the note.

A. sold goods to B., who mortgaged them to C. to secure him against liability on a promissory note signed by B. as principal and C. and D. as sureties. The mortgaged goods were attached and levied upon in a suit against A. as sold by him in fraud of his creditors. C. brought a suit against the attaching officer for conversion of the goods, but afterwards agreed with the officer to discontinue the suit and discharge the mortgage upon the officer's undertaking to pay part of the note and collect the balance from D. *Held*, that D. could maintain a bill in equity against C. and the officer, to restrain the discharging of the mortgage and the discontinuing of the suit, and for leave to prosecute the suit in his own behalf.

BILL IN EQUITY against Amariah A. Taft, Richard Carroll and S. W. Hayward. The bill was taken for confessed against Carroll and Hayward. Hearing before *Ames*, J., who reserved for the consideration of the full court the case which is stated in the opinion.

*T. L. Nelson & H. L. Parker*, for the plaintiff, cited *Eastman* v. *Foster*, 8 Met. 19; *Rice* v. *Dewey*, 13 Gray, 47; *Wilcox* v. *Fairhaven Bank*, 7 Allen, 270; *New Bedford Institution for Savings* v. *Fairhaven Bank*, 9 Allen, 175; *Watts* v. *Shuttleworth*, 5 H. & N. 235; *S. C.* 7 H. & N. 353; *Pearl* v. *Deacon*, 24 Beav. 186, 191; *S. C.* 1 De G. & J. 461; *Calvert* v. *London Dock Co.* 2 Keen, 638; *General Steam Navigation · Co.* v. *Rolt*, 6 C. B. (N. S.) 550; *Mayhew* v. *Crickett*, 2 Swanst. 185, 191; *Holbrook* v. *Bliss*, 9 Allen, 69; Kerr on Injunctions, 70, 77; 1 Story Eq. § 325.

*G. F. Verry & T. G. Kent*, for Taft.

COLT, J. Upon the facts disclosed, this bill as against the defendant Taft cannot be maintained. The plaintiff and Carroll were sureties for Michael Bergen on a note payable to Benjamin Dupar & Company or order. Taft took this note before maturity for value, with knowledge of the relation which existed between the makers, and that Bergen, at the time the note was made, had given a mortgage to Carroll on a stock of goods which he had purchased that day of John Cosgrove, conditioned to secure Carroll against his liability on the note. Taft was a creditor of Cosgrove at the time of the sale to Bergen, and afterwards, with other creditors of his, attached and levied on those goods as the property of Cosgrove, and they were applied in satisfaction of the several debts. He then brought an action on the Bergen note against the plaintiff and Carroll, obtained judgment against them, and is now proceeding to collect the balance of an execution upon this judgment from the plaintiff's property. The prayer of the bill in respect to Taft is that he may be enjoined from collecting this execution from the plaintiff.

The plaintiff now insists that Taft's attachment of the mortgaged property, and application of it to the payment of Cosgrove's debt, destroyed the security which the principal debtor had provided for the payment of the note ; that this security was held by Carroll for the benefit of all the parties to whom Bergen was liable, and constituted a fund to which all the parties who were sureties, or to whom the principal debtor was liable, had in equity the right to resort for the payment of the debt ; and that the familiar rule is to be applied, that when the creditor does an act injurious to the surety, or inconsistent with his rights, the surety will be discharged, and may set up such conduct as a defence to any suit brought against him, if not at law, at all events in equity. 1 Story Eq. § 325.

It is not necessary to consider whether this defence should not have been made in Taft's suit on the note, for the real difficulty with the plaintiff's position is that, within the meaning of the rule, Taft has done nothing inconsistent with his rights at law or in equity, as a creditor, or with his relations to the plaintiff as surety for Bergen. His knowledge that Carroll and the plaintiff

were liable only as sureties, and that the mortgage was to secure this liability, did not deprive him of the right to attach the goods mortgaged as the property of one who, as to attaching creditors, had the better title. If Cosgrove's sale was void as to creditors, and Bergen's mortgage passed no title, then no injury has been done, and no valid security has been taken away. The plaintiff has lost no security by any want of good faith on the part of his creditor. On the other hand, if Carroll had a valid title to the goods mortgaged as against Cosgrove's creditors, then there is nothing in the case to show that he has not an ample remedy for the loss of the goods against those creditors and the attaching officer. In either aspect, Taft's right to collect the Bergen note of any party liable upon it is not impaired, and the bill as to him must be dismissed.

The bill further alleges that an action is now pending in favor of Carroll against Hayward, the officer who attached the goods as the property of Cosgrove, to recover for the conversion of the goods mortgaged to him ; and that an agreement has been made by the parties to that suit, that if Carroll would discontinue and discharge the mortgage, Hayward would pay a part of the judgment recovered by Taft against him and the plaintiff, and would collect the balance of the plaintiff, and save Carroll harmless. Carroll and Hayward are parties to this bill. The plaintiff asks that Carroll may be enjoined from discharging the mortgage and discontinuing the suit, and that he may be permitted to prosecute it against Hayward in his own behalf upon giving such bond as the court may order. The bill has been taken for confessed against Carroll and Hayward. Upon the principles above stated, whatever security the mortgage affords enures to the benefit of the plaintiff. The avails must go to pay the debt for which he is surety, and which it was given to secure. *Eastman* v. *Foster*, 8 Met. 19. *New Bedford Institution for Savings* v. *Fairhaven Bank*, 9 Allen, 175. Adams Eq. 106, note.

The plaintiff is entitled to the relief he asks against the two last named defendants.

*Decree for the plaintiff accordingly, and bill dismissed as to Taft.*